## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

_____

|  |  |
|---|---|
| **JEFFERY MESSAMORE,** *Administrator* *of the Estate of Jordan D. Kirkwood, deceased, and* **NEXT FRIENDS** *of his minor children N.J.K. and I.L.R.K,* | ) ) ) ) ) ) |
| **PLAINTIFF** | ) **Civil Action No. 4:19cv-00036-JHM** ) SENIOR JUDGE JOSEPH H. MCKINLEY, JR. |
| **v.** | ) ) *Electronically Filed* |
| **HOPKINS COUNTY, KENTUCKY;** **HOPKINS COUNTY FISCAL COURT;** **JAILER MICHAEL LEWIS,** *Individually and in his Official Capacity as Hopkins County Jailer***;** **SAMANTHA JONES,** *Individually and in her Official Capacity as Deputy of the Hopkins County Jail;* **ADVANCED CORRECTIONAL HEALTHCARE, INC.; and** **CHRISTINA EUBANKS,** *Individually and Official Capacity* | ) ) ) ) ) ) ) ) ) ) ) ) |
| **DEFENDANTS.** | ) ) |

_____

### PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER
### TO PERMIT ADDITIONAL TIME TO DISCLOSE EXPERT WITNESSES

Plaintiff Jeffery Messamore, Administrator of The Estate of Jordan D. Kirkwood, deceased, and Next Friends of his minor children N.J.K. and I.L.R.K. and the undersigned respectively submit this Motion to Amend the Scheduling Order to Permit Additional Time to Disclose Expert Witnesses:

1.     This litigation arises from the death of Jordan D. Kirkwood, a 25-year-old young man who was an inmate in the Hopkins County Jail. [DN 1].

2.     A telephonic conference was conducted on May 22, 2020 by United States

Magistrate Judge H. Brent Brennenstuhl and counsel for the parties to discuss the Defendants' Joint Motion to Vacate Remaining Deadlines of Existing Scheduling Order and other matters. The Court permitted Plaintiff to file a motion to amend the scheduling order to permit additional time to disclose expert witnesses by June 1, 2020. [DN 38].

3.      A trial date in this matter has yet to be set.  [DN 20].  There is still a substantial amount of discovery that needs to be conducted.  The COVID-19 pandemic has further complicated the ability to conduct and complete depositions and advance this litigation as initially contemplated when the scheduling deadlines were discussed among the parties and the Scheduling Order was entered on July 1, 2019.  [DN 20].

4.      The first deposition in this litigation took place in January 2020. Defendants Hopkins County, Kentucky, Hopkins County Fiscal Court, Jailer Michael Lewis, and Samantha Jones began the deposition of Plaintiff, Jeffery Messamore, on January 17, 2020 in Paducah, Kentucky at approximately 10:20 a.m. and the deposition adjourned at approximately 4:10 p.m. [No Docket Number].  Due to time constraints and that Defendants Advanced Correctional Healthcare, Inc. and Christina Eubanks did not have an opportunity to depose Plaintiff, the parties agreed to resume Plaintiff's deposition at a later date.

5.      Defendants Advanced Correctional Healthcare, Inc. and Christina Eubanks filed notice to take the deposition of Plaintiff, Jeffery Messamore, on May 8, 2020.  [DN 29]. Defendants additionally filed notice to take the deposition of Debra Kirkwood, the mother of both the decedent, Jordan D. Kirkwood, and the Plaintiff, on May 8, 2020 following the conclusion of Plaintiff's deposition.  [DN 30].  Both depositions were cancelled due to the COVID-19 restrictions in place. [DN 34 and 35].  The depositions of Jeffery Messamore and Debra Kirkwood have been rescheduled for July 20, 2020. [DN 39 and 40].

6.      Information revealed during the course of Plaintiff's deposition and the deposition of the decedent, Jordan D. Kirkwood's mother, Debra Kirkwood, is expected to have an impact on the opinions of experts retained in this action by both the Plaintiff and Defendants.   Such information expected to include the decedent's medical history, educational background, employment background, and minor children, among other matters.   Additionally, Debra Kirkwood had frequent telephone calls with the decedent during his incarceration and it is expected that her deposition will also address the telephone calls she had with her son in the days leading up to his death.

7.      In addition to the completion of the deposition of Plaintiff and deposition of Debra Kirkwood, it is the undersigned's understanding that Counsel for Defendants also intend to take the deposition of at least four (4) additional witnesses. [EXHIBIT A].  Deposition dates have yet to be scheduled for any of these witnesses.

8.      The date for Plaintiff's disclosure of expert witnesses as set forth in the Scheduling Order was March 2, 2020.  However, it would not have been possible for Plaintiff to disclose expert witnesses by this time as again, there remains a substantial amount of discovery that needs to be conducted and the Plaintiff's deposition, which was adjourned from January 17, 2020, has not yet been concluded.

9.      On March 26, 2020 a proposed Agreed Order Vacating Scheduling Order was circulated for approval on behalf of counsel for Defendants Advanced Correctional Healthcare, Inc. and Christina Eubanks.   [EXHIBIT B]. The Agreed Order Vacating Scheduling Order reflected the parties' agreement "that all deadlines set forth in the Court's scheduling order dated July 1, 2019, are hereby VACATED" and that a "new scheduling order will be entered after the parties confer regarding a new schedule and after the governmental and judicial restrictions

[related to the COVID-19 pandemic] are lifted". [EXHIBIT B]. On March 31, 2020, co-counsel for Plaintiff, Ryan Russell stated he was in agreement and on April 1, 2020, the undersigned advised she was also in agreement with vacating the scheduling order.  [EXHIBIT C].[1]  After the undersigned responded approving the filing of the agreed order vacating the scheduling order, counsel for Defendants decided instead to file a Joint Motion to vacate only the remaining dates in the scheduling order.  [EXHIBIT D]. The undersigned advised that she was agreeable to presenting the matter as a joint motion as opposed to an agreed order and that the joint motion should be vacating all of the deadlines in the July 1, 2019 scheduling order as earlier agreed. [EXHIBIT E]. The undersigned continued to disagree with vacating only those remaining dates in the scheduling order.

10.    The Defendants would not be prejudiced by an amendment to the July 1, 2019 Scheduling Order to permit Plaintiff additional time to disclose expert witnesses.   The circumstances preventing the Defendants from disclosing their experts as set forth in the July 1, 2020 Scheduling Order, "that there is still a significant amount of discovery that needs to be conducted" as of March 31, 2020, are also the same circumstances that prevent Plaintiff from disclosing expert witnesses and reports or a summary of their facts and opinions. [EXHIBIT C]. It would be unjust and prejudicial to allow Defendants an extension of an additional amount of time to retain and disclose their experts and hold Plaintiff to the March 2, 2020 deadline when Plaintiff is plagued by the very same circumstances of a significant amount of outstanding discovery to be conducted in this litigation, Plaintiff's deposition has not been completed, and the COVID-19 pandemic which has complicated the ability to advance this litigation (and litigation generally).  Obviously, the outstanding discovery to be conducted will have an impact on both

---

[1] Note counsel for Plaintiff are located in Louisville in the Eastern Standard Time Zone and counsel for Defendants are located in the Central Standard Time Zone, one hour behind.

Plaintiff's experts and disclosures and Defendants' experts and disclosures. Defendants should not be the only parties to have the opportunity for their experts to consider the additional matters revealed during the course of discovery.

11.    The undersigned respectfully requests that the Scheduling Order be amended to allow Plaintiff additional time to disclose expert witnesses. Plaintiff obviously would have no objection to Defendants' expert disclosures following some time after Plaintiff's new deadline. Essentially, the undersigned requests a modification of the Scheduling Order to reset deadlines and cutoff dates because discovery has not been as expeditious as the parties initially contemplated and no one could have predicted that we would find ourselves in the midst of a global pandemic at this time.

WHEREFORE, Plaintiff respectfully requests that this Court amend the Scheduling Order to permit additional time to disclose expert witnesses and to vacate the subsequent deadlines of the Scheduling Order and enter an Amended Scheduling Order.

Respectfully submitted,

/s/ Courtney L. Graham_____
Courtney L. Graham
Randall S. Strause
STRAUSE LAW GROUP, PLLC
804 Stone Creek Pkwy., Ste. One
Louisville, KY 40223
Telephone: (502) 426-1661
Fax: (502) 426-6772
Email: cgraham@strauselawgroup.com
        rstrause@strauselawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court on June 1, 2020 by using the CM/ECF system, which will send a notice of electronic filing to the following:

Stacey A. Blankenship
Kristen N. Worak
Keuler, Kelly, Hutchins, Blankenship,
& Sigler, LLP
100 South 4th St., Suite 400
Paducah, KY 42001
*Counsel for Hopkins County,*
*Hopkins County Fiscal Court,*
*Mike Lewis, and Samantha Jones*

Timothy E. Bridgeman
Timothy L. Edelen
Bell, Orr, Ayers & Moore
1010 College Street
Bowling Green, KY 42102-8111
*Counsel for Advanced Correctional*
*Healthcare, Inc. and Christina Eubanks*

Ryan Russell
Alex R. White
ALEX R. WHITE, PLLC
908 Minoma Avenue
Louisville, KY 40217
*Counsel for Plaintiff*

/s/ Courtney L. Graham
**Counsel for Plaintiff**